UNITED STATES DISTRICT COURT
WESTERN DISTRCIT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00061-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CHRISTOPHER J. LEGER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 51) filed by the petitioner, Christopher J. Leger ("Leger"). Leger seeks to have his sentence reduced on the grounds of ineffective assistance of counsel. See id. The Government has answered the motion, arguing the motion should be denied because the record conclusively shows that Leger is not entitled to relief. See Record Document 58. For the reasons following, Leger's Section 2255 motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 26, 2015, a federal grand jury returned a three-count indictment against Leger. See Record Document 2. Count One charged Leger with receiving child pornography, in violation of 18 U.S.C § 2252A(a)(2)(A). See id. Count Two charged him with distributing child pornography, also in violation of 18 U.S.C § 2252A(a)(2)(A). See id. Count Three charged him with possession of child pornography, in violation of 18

U.S.C § 2252A(a)(5)(B). See id. The indictment alleged that the criminal conduct began on July 10, 2012 and continued through March 13, 2014. See id.

On November 18, 2015, Leger pled guilty to Count One, that is, receiving child pornography. See Record Documents 34 & 36. The written factual basis submitted at the time of Leger's guilty plea provided:

> On March 13, 2014, federal, state, and local agents executed a search warrant at a residence located at 6220 Oxbow Loop, Bossier City, Louisiana. Agents had previously downloaded four (4) child pornography videos from an Internet Protocol (IP) address assigned to the physical address. In the residence, agents found numerous media devices. A forensic examination of the devices identified seventy-six (76) images and an additional two (2) videos of known Child Pornography. Many of the images and videos were adults engaged in hard core sex acts with prepubescent minors. The media devices belonged to LEGER.
>
> Among the files found in the computer was a file labeled "7 yr old little pumpkin(2).mpg". LEGER received the file on his computer on October 12, 2013. The file was transported in interstate commerce by computer. The video showed a young (6-7 year old) prepubescent female masturbating and performing oral sex on an adult male.

Record Document 36-2. Leger signed the written factual basis on November 18, 2015. With his signature, he "agree[d] that this factual basis form[ed] the basis for a guilty plea to Count 1 of the Indictment pending in this case, receiving child pornography, 21 U.S.C § 2252A(a)(2)(A)." Id.

On April 4, 2016, Leger was sentenced to 180 months imprisonment and ten years supervised release upon his release from prison. See Record Documents 46 & 48. Leger did not file a direct appeal. On April 2, 2017, he filed the instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. See Record Document 51. Leger asserts one ground of relief, that is, his prior counsel was ineffective at the guilty

plea and sentencing stage of his case because of his failure to raise Leger's mental health issues and/or ask for a mental examination. See id. at 4.

## LEGAL STANDARD

After conviction and exhaustion of defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post-conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-165, 102 S.Ct at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reversed for transgression of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citation omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Id. at 168. To establish "cause," a defendant must show some external impediment prevented him from raising the claim on direct

appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

A narrow exception to the "cause and actual prejudice" exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of justice" that would result in the continued incarceration of an innocent person.[1] Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2649 (1986).

## LAW AND ANALYSIS

### I. Ineffective Assistance of Counsel

A criminal defendant's claim of ineffective assistance of counsel is not barred by the general rule that such claims cannot be brought as collateral review -- unless they show cause and prejudice -- if they are not first brought by direct appeal. See Massaro v. U.S., 538 U.S. 500, 504, 123 S.Ct. 1690, 1693 (2003), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982); Bousley v. U.S., 523 U.S. 614, 621-622, 118 S.Ct. 1604, 1610 (1998). In order to prevail on a claim of ineffective assistance of counsel, Leger must prove two things: 1) the counsel's performance was deficient; and 2) the deficient performance prejudiced the defense. See Strickland v. Washington, 466

---

[1] To establish "actual innocence" in a cause where the petitioner entered a plea of guilty, he must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611 (1998), citing Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868 (1995).

U.S. 668, 104 S.Ct. 2052, 2062 (1984). Courts must determine if defense counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." White v. Thaler, 610 F.3d 890, 898 (5th Cir. 2010) (citation omitted). This "ordinarily means establishing a reasonable probability that counsel's errors changed the result of the proceeding." Beets v. Scott, 65 F.3d 1258, 1265 (5th Cir. 1995). Judicial scrutiny of counsel's performance should be highly deferential; however, a petitioner can show deficient performance if he can demonstrate "that counsel's representation fell below an objective standard of reasonableness." Id. (citation omitted). "There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., citing U.S. v. Webster, 392 F.3d 787, 793 (5th Cir.2004).

## II. Leger's Allegations Regarding His Mental Health

Leger argues that his counsel was ineffective for failing to ask for a mental examination and because he did not "point out [Leger's] past medical history" at sentencing. Record Document 51 at 4. He further maintains that "once incarcerated by the BOP, [he] was quickly determined to have psychiatric disorders and [is] on medication for them." Id.

Title 18, United States Code, Section 4241 governs the determination of mental competency to stand trial. Section 4241(d) provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently **suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense**, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d) (emphasis added). Here, the Court has reviewed the record in its entirety, including the change of plea hearing transcript, the sentencing transcript, and the attachments to Leger's Section 2255 motion. Nothing in the record reveals that Leger was suffering from a mental disease or defect rendering him mentally incompetent such that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. See generally U.S. v. Gonzales-Gonzalez, 995 F.2d 222, 1993 WL 209990 *2 (5th Cir. 1993) ("Although the record shows that Gonzalez has a long history of drug and alcohol abuse, which resulted in delusional paranoia at one time, nothing in the record indicates, and Gonzalez does not allege, that his past substance abuse inhibited his ability to understand his trial or assist in his defense"). During his guilty plea, Leger discussed his mental health issues on the record and stated that while certain medications made him process information more slowly, he understood the questions being asked and his thought process was not affected. See Record Document 56 at 8. Leger told the Court he was processing information "just fine" and he was "clearheaded." Id. at 9. When asked if he had "any other mental or physical problems that might limit your ability to understand today's court proceeding," Leger responded "no, sir." Id. Leger stated that he was pleading guilty because he was, "in fact, guilty as charged." Id. at 16. He stated his plea was a free and voluntary act and that he was satisfied with his attorney's representation of his interests. See id. at 10, 16.

To the extent Leger is alleging he was "insane" at the time of the offense, he must demonstrate that "he was unable to appreciate the nature and quality or the wrongfulness of his acts. See U.S. v. Abou-Kassem, 78 F.3d 161, 165-166 (5th Cir. 1996), citing 18 U.S.C. § 17. "Otherwise a mental disease or defect does not constitute a defense." Abou-

Kassem, 78 F.3d at 166.  Again, nothing in the record supports any such claim.  In fact, the guilty plea transcript contradicts Leger's position as he readily admitted he knew the action of receiving child pornography was wrong at the time he carried he committed it.  See Record Document 56 at 13-16.  Leger can suffer from a mental disorder and still be held legally responsible for the crimes he commits.  See U.S. v. Cronan, 983 F.2d 1061, 1993 WL 14989 *2.

Moreover, "the decision not to proceed with an insanity defense is ordinarily a matter of trial strategy which is well within the acceptable range of professional conduct." Cronan, 1993 WL 14989, *3.  Leger has failed to demonstrate to this Court the extraordinary circumstances that would warrant deviation from this general rule.  See id. Even if this Court were to assume that defense counsel was ineffective, Leger has not shown that the assertion of mental incompetency and/or an insanity defense would have affected the outcome of the proceedings.  See Beets, 65 F.3d at 1265.  Conclusory and speculative allegations on a critical issue such as this are insufficient to raise constitutional issues.  See Cronan, 1993 WL 14989, *2.

Finally, it appears Leger may also be arguing that his attorney should have more vigorously raised the issue of mental health as a mitigating factor at sentencing.  However, the record reveals that defense counsel filed a sentencing memorandum outlining Leger's previous struggles with mental illness and other mental health issues.  See Record Document 44 at 5-6.  Defense counsel specifically cited Leger's mental health issues as a mitigating factor at sentencing.  See id. at 7.  At the sentencing hearing, the Court stated on the record that it had reviewed the defense memorandum.  See Record Document 57 at 4.  Additionally, Leger was sentenced to 180 months

imprisonment in this matter, the mandatory minimum sentence. See Record Documents 48 & 49. Thus, no lesser sentence could have been imposed and Leger's claim of ineffective assistance of counsel at sentencing fails.

## CONCLUSION

The Court finds that Leger's claims of ineffective assistance of counsel relating to his mental health fail, as the record establishes neither deficient performance on the part of defense counsel nor that any purported deficiency prejudiced Leger. Accordingly, Leger's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 51) is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a certificate of appealability issues, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

**THUS DONE AND SIGNED,** at Shreveport, Louisiana, this 30th day of September, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT