UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00061-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CHRISTOPHER J. LEGER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Christopher J. Leger's ("Leger") Motion for Compassionate Release/Reduction in Sentence. See Record Document 63. Leger seeks compassionate release due to his poor mental health condition. See id. The Government has responded in opposition to Leger's motion. See Record Document 66. For the reasons set forth below, Leger's Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

On March 26, 2015, Leger was charged in a three-count Indictment with receipt of child pornography, distribution of child pornography, and possession of child pornography. See Record Document 1. On November 15, 2015, Leger entered a plea of guilty to receipt of child pornography. See Record Documents 34 & 36. On April 4, 2016, Leger was sentenced to 180 months of imprisonment. See Record Documents 46 & 48.

According to the written factual basis, law enforcement agents executed a search warrant at a residence in Bossier City on March 13, 2014. See Record Document 36-2; see also Record Document 45 at ¶ 7. Media devices at the residence belonged to Leger. See id. Among the files found on Leger's computer was a file labeled "7 year old little

pumpkin(2).mpg." Id.; Record Document 45 at ¶ 8. Leger received this file on his computer on October 14, 2013. See id. The video file showed a young, six to seven year old prepubescent female masturbating and performing oral sex on an adult male. See id.

Leger is currently incarcerated at Fort Worth FMC in Texas. His projected release date is January 15, 2028.

## LAW AND ANALYSIS

Leger seeks compassionate release due to poor mental health condition, specifically bipolar disorder, severe anxiety, and chronic severe depression. See Record Document 63 at 1. He believes his serious mental illness warrants compassionate release. See id. at 2; see also Record Document 67 at 2.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Leger under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). Leger has exhausted his administrative remedies and the Court will proceed to the merits of his motion.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Leger's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609,

at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If

an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

The Court does not believe that Leger's mental health conditions justify compassionate release. Notwithstanding, even if the Court were to assume that Leger's mental health conditions constituted extraordinary and compelling reasons for compassionate release, granting such release in this case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of Leger's offense and his history and characteristics disfavor release. Leger pled guilty to the instant offense of receipt of child pornography. Leger also has a prior conviction for receipt of child pornography from July 2002. See Record Document 45 at ¶ 32. Despite the defense's statement that Leger "can be prohibited from possessing an iPhone, laptop, or PC," this Court has serious concerns about Leger once again reoffending. Record Document 67 at 2. Early release at this juncture simply would not reflect the seriousness of Leger's offense; would not promote respect for the law; would not afford adequate deterrence to criminal conduct; and would not protect the public from further crimes of this defendant.

## CONCLUSION

Based on the foregoing reasons, Leger's Motion for Compassionate Release (Record Document 63) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of October, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT